IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS R. MARBOT and all others Similarly situated under 29 U.S.C. 216(b), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-cv-01339-M |
| PHO CHATEAU DALLAS LP d/b/a PHO CHATEAU, PHO CHATEAU, LLC and MIKE CHEN | § § § § § § | |
| Defendants. | § | |

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. §§ 201-216 OVERTIME AND MINIMUM WAGE VIOLATIONS, AND RETALIATION UNDER 29 U.S.C. § 215(A)(3)**

COMES NOW Plaintiff, LUIS R. MARBOT, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), by and through undersigned counsel, files this Second Amended Complaint against Defendants PHO CHATEAU DALLAS LP d/b/a PHO CHATEAU, PHO CHATEAU, LLC, and MIKE CHEN, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Plaintiff was a resident of Dallas County at the time that this dispute arose.

3. The Defendant PHO CHATEAU DALLAS LP d/b/a PHO CHATEAU is a limited partnership that regularly transacts business within Dallas County. Upon information and belief, the Defendant Partnership was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant PHO CHATEAU, LLC is a limited liability company that regularly transacts business within Dallas County. Upon information and belief, the Defendant Company was

the joint FLSA employer for the relevant time period.

5. The individual Defendant, MIKE CHEN, is a corporate officer and/or owner and/or manager of the Defendant Partnership and Company who runs the day-to-day operations of the Defendant Partnership and Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I: FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff, LUIS R. MARBOT, worked for Defendants as a dishwasher from on or about October 23, 2013 through on or about April 15, 2014.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate

commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. The Defendant Partnership and Company had gross sales or business done either individually or as part of the joint enterprise described, *infra,* at paragraph 14, in excess of $500,000 annually for the years 2012, 2013, and 2014.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, Defendants, PHO CHATEAU DALLAS LP d/b/a PHO CHATEAU and PHO CHATEAU, LLC, together with one or more of the following: Steel Restaurant & Lounge, LTD, Lees Sandwich Garland, L.P., and New Kirin, LLC, are a joint enterprise as defined by 29 U.S.C. § 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

15. Upon information and belief, Defendants, PHO CHATEAU DALLAS LP d/b/a PHO CHATEAU and PHO CHATEAU, LLC, were each Plaintiff's joint employer during Plaintiff's employment with the Defendants as the work performed by Plaintiff

simultaneously benefited all Defendants who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

16. From on or about October 23, 2013 through on or about the present and ongoing, Plaintiff worked an average of 72 hours per week and was paid an average of $4.80 per hour, but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each overtime hour worked.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

WHEREFORE, Plaintiff requests double damages and reasonable costs and attorneys' fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act— whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-18 above and further states:

18. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

19. From on or about October 23, 2013 through on or about the present and ongoing, Plaintiff worked an average of 72 hours a week for the Defendants. Plaintiff was paid $4.80/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.80/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $4.80/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

20. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff's these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

WHEREFORE, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --

whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III: RETALIATION UNDER 29 U.S.C. § 215(A)(3)

COMES NOW PLAINTIFF, by and through undersigned counsel, and re-adopts Paragraphs 1-20 above and further states the following (Plaintiff readopts all above paragraphs as the Retaliation Count is grounded in all of the above allegations pursuant to which Plaintiff in good faith believes he was not paid legally mandated wages, and thereafter suffered retaliation for seeking redress).

21. This suit was filed April 13, 2014 and served upon the Defendants on April 15, 2014. Thereafter, Lee Bach, Plaintiff's supervisor and manager, approached him on April 15, 2014 and told him, "You cannot be here anymore.  Are you crazy?  You filed a lawsuit against the restaurant.  Finish your day and today is your last day."

22. Thereafter, Lee Bach continued to pressure Plaintiff to drop his lawsuit in return for being allowed to keep his job with Defendants.  Around 8:00 pm the evening of April 15, 2014, Mr. Bach approached Plaintiff and told him that he was going to give him his last paycheck and was going to deduct two (2) sick days from January.  Plaintiff was ultimately fired after refusing to drop his lawsuit as a condition for his continued employment with Defendants.

23. The motivating factor for Defendants' actions taken through Mr. Bach was Plaintiff's asserting a claim for minimum and overtime wages pursuant to the Fair Labor Standards Act.

24. Defendants' actions as discussed above are in direct violation of 29 U.S.C. 215 (A)(3)

because the motivating factor for said activity was Plaintiff's demand for his legally mandated wages and, as a result, Plaintiff has been damaged.

WHEREFORE, the Plaintiff requests judgment against the Defendants jointly and severally, attorney's fees, costs, back wages and double or liquidated back wages from the date of firing until and including the date of trial, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages as allowed by law, and all other damages recoverable by law 29 U.S.C. 216(B). *Plaintiff Requests a Trial By Jury.*

                                                  Respectfully submitted,

By:    /s/ Joshua A. Petersen
J.H. Zidell
State Bar No. 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
State Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:   972-386-7610

**ATTORNEYS FOR PLAINTIFF**